IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EXAVIER WARDLAW<br><br>        Plaintiff,<br><br>v.<br><br>VIACOM INTERNATIONAL, INC.,<br>MTV NETWORKS,<br>SOUTH PARK DIGITAL STUDIOS, LLC,<br>TREY PARKER, and<br>MATT STONE<br>        Defendants | NO. 12-CV-05617 |

## FIRST AMENDED COMPLAINT

Plaintiff, Exavier Wardlaw, by and through its attorneys, Granovsky Law Offices, P.C., brings the following Complaint against Viacom International, Inc., MTV Networks, South Park Digital Studios, LLC, Trey Parker and Matt Stone, as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement and declaratory judgment. As fully set forth herein, the actions of Defendants in utilizing and distributing the Plaintiff's copyrighted works have and will continue to cause substantial and irreversible damage to Plaintiff.

2. Plaintiff seeks an Order for impounding and destruction of the infringing goods, Defendant's profits attributable to Defendants' unlawful acts and counsel fees.

### THE PARTIES

3. Plaintiff Exavier Wardlaw is a Pennsylvania adult citizen residing at 4601 Fernhill Road, Philadelphia, PA 19144.

4.     Defendant, Viacom International, Inc., ('Viacom') is upon information and belief is a foreign corporation registered to do business in the state of New York with its principal place of business at 1515 Broadway, 45th Floor, New York, NY 10036.

5.     Defendant, MTV Networks Entertainment Group, ('MTV') is upon information and belief is a foreign entity with its principal place of business at 1515 Broadway, 45th Floor, New York, NY 10036, which is wholly owned and operated by Defendant Viacom.

6.     Defendant, South Park Digital Studios, LLC., ('South Park Studios') is upon information and belief a Delaware Limited Liability Company which may be served by serving its registered agent Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

7.     Defendant Trey Parker ('Parker') is a California adult citizen with principal place of business of 2000 Avenue of The Stars, 3rd Floor North Tower, Los Angeles, CA 90067.

8.     Defendant Matt Stone ('Stone') is a California adult citizen with principal place of business of 2000 Avenue of The Stars, 3rd Floor North Tower, Los Angeles, CA 90067.

9.     On information and belief Defendants Stone and Parker are creators of American animated sitcom "South Park" working for, and or under direct supervision, and or are agents for Defendant South Park Studios. Defendant South Park Studios is a wholly owned subsidiary of Defendant MTV, which is wholly owned by defendant Viacom. All of said defendants regularly broadcast programs (and/or are responsible for broadcasting programs) that are aired in the Commonwealth of Pennsylvania. At all relevant times, said defendants are responsible, jointly and severally, for the concept, content, structure, presentation and format of American animated sitcom - "South Park". At all relevant times, Defendants Stone, Parker, South Park Studios, MTV and Viacom are responsible for the production and distribution of broadcast materials.

## JURISDICTION AND VENUE

10. This is a civil action for claims arising under the federal copyright laws of the United States.

11. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

12. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(a) and (c). Upon information and belief, Defendants have transacted business in and have had continuous and systematic contacts with the Eastern District of Pennsylvania.

## OPERATIVE FACTS

13. On or about December, 2005, Plaintiff has created and copyrighted book of stories called "The Lollipop Forest" which is duly registered with the U.S. Copyright Office in accordance with law, and is owned by the Plaintiff with a copy right registration number Pau3-048-246. Exhibit "A".

14. These stories and characters from these stories are family oriented and are suitable for children of any age.

15. On or about November 21, 2006, Plaintiff uploaded on the internet (www.youtube.com) first video of a series of videos based on Plaintiff's copyrighted work.

16. Plaintiff's story and video Lollipop Forest depicted characters called "The Big Bad Lollipops". Exhibit "B".

17. On or about October 17, 2007, Defendants Parker and Stone, collaboratively created an episode called "Imaginationland" which is season 11, episode 10 of the American animated sitcom "South Park", "Imaginationland, Episode II", which is season 11, episode 11,

and "Imaginationland, Episode III", which is season 11, episode 12, collectively will be referred to as infringing materials. Exhibit 'C'.

18. Defendants' infringing materials infringed on Plaintiff's copyright by copying a character, "Big Bad Lollipop" from Plaintiff's copyrighted "The Lollipop Forest", and renaming the character to "The Lollipop King" who is coming out of a forest. *Id.*

19. On or about October 17, 2007, all Defendants first aired infringing materials on its cable channel called "Comedy Central". Exhibit 'D'

20. Upon information and belief, defendants operate a website with domain name www.southparkstudios.com. Exhibit 'E'.

21. Defendants continue to air all the infringing materials on their website.

22. Defendants' infringement upon Plaintiff's copyright is continuing.

## COUNT I
## COPYRIGHT INFRINGEMENT

23. Plaintiff incorporates by reference the averments contained in the preceding paragraphs above, as if set forth fully herein.

24. This is a claim for copyright infringement under 17 U.S.C. § 501 and 17 U.S.C. § 506.

25. The aforesaid conduct of the Defendants constitutes copyright infringement.

26. The items specified herein are copyrightable subject matter under the laws of the United States.

27. Plaintiff has complied in all respects with the provisions of the Copyright Act, 17 U.S.C. §§ 101 et seq., and all other laws governing copyright to secure the exclusive rights and privileges in and to the copyrights of the items identified herein.

28. The use and distribution of the infringing materials, namely "Imaginationland" which is season 11, episode 10 of the American animated sitcom "South Park", "Imaginationland, Episode II", which is season 11, episode 11, and "Imaginationland, Episode III", which is season 11, episode 12, exposes Plaintiff to serious harm and diminishes the value of the rights exclusively owned by Plaintiff.

29. Unless Defendants are restrained and enjoined from their unauthorized use and distribution of the infringing materials, these injuries will continue to occur.

30. Irreparable harm and injury to Plaintiff are imminent as a result of Defendants' conduct and Plaintiff is without an adequate remedy at law.

31. Pursuant to 17 U.S.C. § 502(a), Plaintiff is entitled to an injunction restraining Defendants, their agents and employees, and all other persons acting in concert with them, from engaging in any further improper acts.

32. Pursuant to 17 U.S.C. § 504, Plaintiff is also entitled to recover statutory damages of up to $150,000 per infringement as a result of Defendants' willful infringement.

33. Pursuant to 17 U.S.C. § 505, Plaintiff is entitled to an award of attorneys' fees and costs.

**WHEREFORE**, Plaintiff, Exavier Wardlaw, demands judgment in his favor and against Defendants Viacom International, Inc., MTV Networks, South Park Digital Studios, LLC, Trey Parker and Matt Stone, as follows:

A. A judgment that Defendants have engaged in willful copyright infringement;

B. Under the authority of 17 U.S.C. § 502, that Defendants and their respective agents, employees, successors, assigns and all those controlled by them, or in active concert or participation with them, be preliminarily and permanently enjoined:

   (1) From using and/or displaying, distributing, the Season 11 - Episodes 10, 11, and 12 of American animated sitcom South Park and/or the infringing materials; and

   (2) From committing further acts of copyright infringement.

 C. Under the authority of 17 U.S.C. § 504, an Order requiring Defendants to account to Plaintiff for any and all profits derived by Defendants from its infringement of Plaintiff's exclusive rights in the copyrights;

 D. Under the authority of 17 U.S.C. § 504, an award of statutory damages of $150,000;

 E. Under the authority of 17 U.S.C. § 505, an Order allowing the recovery by Plaintiff of the full costs in this action, including Plaintiff's reasonable attorneys' fees;

 F. That Defendants be ordered to pay to Plaintiff interest, costs and reasonable attorneys' fees incurred in maintaining this action; and

 G. That the Court grant Plaintiff such other and further relief as the Court deems just.

**COUNT II**
**UNJUST ENRICHMENT**

34. Plaintiff incorporates by reference the averments contained in the preceding paragraphs above, as if set forth fully herein.

35. Defendants, by and through their duly authorized agents and representatives were conferred benefits that rightfully belonged to Plaintiff by taking possession and control of and displaying the infringing materials, including but not limited to their website, on their cable channel, Plaintiff's intellectual property and other property, without authorization from the owners thereof and without giving any consideration in exchange therefore.

36.     Defendants have received or will receive unjust enrichment from their misappropriation of content and their unauthorized use of The Lollipop Forest. Accordingly, any such enrichment is unjust and should, in equity and good conscience, be returned to Plaintiff.

37.     As a result of Defendants' misappropriation of content and its unauthorized use of The Lollipop Forest, Plaintiff has been, and will continue to be, irreparably harmed unless Defendants, and all persons or entities acting on their behalf, in concert with them or as their agents, are permanently enjoined from using the copyrighted materials. Plaintiff has no adequate remedy at law.

38.     As a result, of Defendants' conduct, Defendants, by and through <u>inter alia</u> their duly authorized agents and representatives were unjustly enriched at the expense of Plaintiff and must make restitution.

**WHEREFORE**, Plaintiff, Exavier Wardlaw, demands judgment in his favor and against Defendants Viacom International, Inc., MTV Networks, South Park Digital Studios, LLC, Trey Parker and Matt Stone, as follows:

(1)     Order Defendants to disgorge all revenues realized during the period during which Defendants directly engaged in and/or aided and abetted the unlawful conduct complained of herein;

(2)     Award Plaintiff interest, costs of suit and a reasonable attorneys' fee; and

(3)     Award such other relief that the Court deems equitable, just and appropriate.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

-8-

                              **Granovsky Law Offices, PC**

By: _____
                              Alexander Granovsky, Esquire
                              Pennsylvania Attorney ID No. 308387
                              9831 Bustleton Avenue, Suite 2
                              Philadelphia, PA 19115
                              (215) 992-6696 (tel)
                              (215) 992-6695 (fax)

Date: 1/15/2013



# Certificate of Registration

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*
Register of Copyrights, United States of America



**PLAINTIFF'S EXHIBIT A**

**FORM PA**
For a Work of the Performing Arts
UNITED STATES COPYRIGHT OFFICE

**PAu3-048-246**



EFFECTIVE DATE OF REGISTRATION

**MAR 07 2006**
Month    Day    Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1 TITLE OF THIS WORK ▼**
Navah and Nasim and the Lollipop Forest

**PREVIOUS OR ALTERNATIVE TITLES ▼**
Navah and Nasim's Stories from the Lollipop Forest

**NATURE OF THIS WORK ▼** See instructions
Part #1 of the Book of 25 stories from the Lollipop Forest

**2 a NAME OF AUTHOR ▼**
Exaviere L. Wardlaw Muhammad

**DATES OF BIRTH AND DEATH**
Year Born ▼ 1997    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes   ☒ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
     Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
Stories in which all words, concept that grow out of window to your Dreams + Music which show is anti fun and human of a unique world in

**b NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes   ☐ No

**c NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**

**3 a YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED**
12/05 ◀ Year

**b DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Month ▶    Day ▶    Year ▶
◀ Nation

**4 COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Exaviere L. Wardlaw Muhammad
4601 Fernhill Road
Philadelphia, Pennsylvania 19144

APPLICATION RECEIVED
**MAR 07 2006**
ONE DEPOSIT RECEIVED
**MAR 07 2006**
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼
X X

| EXAMINED BY | GB1 | FORM PA |
|---|---|---|
| CHECKED BY | | |

*Concept not copyrightable. 17 USC 102(b)

☐ CORRESPONDENCE Yes

FOR COPYRIGHT OFFICE USE ONLY

**DO NOT WRITE ABOVE THIS LINE IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☐ No If your answer is "Yes" why is another registration being sought? (Check appropriate box) ▼ If your answer is "no" go to space 7
a. ☐ This is the first published edition of a work previously registered in unpublished form
b. ☐ This is the first application submitted by this author as copyright claimant
c. ☐ This is a changed version of the work as shown by space 6 on this application
If your answer is "Yes" give Previous Registration Number ▼        Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work, complete only 6b for a compilation
Preexisting Material Identify any preexisting work or works that this work is based on or incorporates ▼

**a**

**6**

See Instructions before completing this space

Material Added to This Work Give a brief general statement of the material that has been added to this work and in which copyright is claimed ▼

**b**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office give name and number of Account
Name ▼                                                          Account Number ▼

**a**

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent   Name/Address/Apt/City/State/ZIP ▼

**b**

Area code and daytime telephone number ▶ (     )        Fax number ▶ (     )
Email ▶

**CERTIFICATION** I the undersigned hereby certify that I am the
Check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of _____
    Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3 do not sign and submit it before that date

Date ▶

Handwritten signature (X) ▼
x _Xavier L. Wardlaw Muhammad_

**9**

Certificate will be mailed in window envelope to this address

Name ▼
EXAVIER L WARDLAW
Number/Street/Apt ▼
4601 Fernhill Rd.
City/State/ZIP ▼
Phila. Pa. 19144

Complete all necessary spaces
• Sign your application in space 8
1 Application form
2 Nonrefundable filing fee in check or money order payable to Register of Copyrights
3 Deposit material

Library of Congress
Copyright Office
101 Independence Avenue SE
Washington DC 20559-6000

As of July 1, 1999, the filing fee for Form PA is $30.

17 U S C § 506(e) Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409 or in any written statement filed in














**PLAINTIFF'S EXHIBIT D**

Episodes | Clips | Guide | News | Forum | Avatar | Games | Shop | Fans



I AM THE LOLLIPOP KING.

Seasons: 1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 Christmas    Random Episode

**NOW PLAYING**

**Imaginationland** ORIGINAL AIR DATE: 10.17.2007

When the entire contents of the world's imagination lay open before them, Stan and Kyle step right in. Back in South Park, Cartman swears he's seen a leprechaun.

Tags: Cartman, Stan, Kyle, Butters, little people, Imaginationland, Mr. Stotch, terrorism, Pentagon, Michael Bay, M. Night Shyamalan, balls, Mayor of Imaginationland, snarf, Emmy Awards,

**Discuss This Episode: Imaginationland**


 Watch Full Episodes  [Search southparkstudios.com] Search  Follow us:   Lo
Clips | Guide | News | Forum | Avatar | Games | Shop | Fans

 PLAINTIFF'S EXHIBIT E

 

## Search Results for "imaginationland"

**All (92)**
**Episodes (3)**
**Clips (45)**
**Images (5)**
**News (35)**
**Characters (4)**

**Top Searches**
"cartman", "butters", "Search+southparkstudios.com", "Honey+Boo+Boo", "mormon", "Raising+the+Bar", "200", "proper+condom+use", "randy", "Super+Best+Friends"

**Episode Results**                                                    Page 1
Results 1 - 3 of 3

 **Imaginationland, Episode II**
After the wall in Imaginationland is blown up by terrorists, the evil side crosses over. Cartman tracks down Kyle and Stan at the Pentagon and demands Kyle makes good on their agreement. Meanwhile, U.S. troops cross over into Imaginationland while evil characters cross over into reality.

 **Imaginationland, Episode III**
Inside Imaginationland, Stan and Butters engage in the battle of their lives as they fight the army of evil imaginary forces. Meanwhile, Cartman goes all the way to the Supreme Court to get Kyle to pay up on their bet.

 **Imaginationland**
When the entire contents of the world's imagination lay open before them, Stan and Kyle step right in. Back in South Park, Cartman swears he's seen a leprechaun.



Page 1

Popular Episodes: A Nightmare on Face Time, Obama Wins!, A Scause for Applause, Reverse Cowgirl, Insecurity
Popular Clips: Scuzzlebutt, Honey Boo Boo vs. Fatty Doo Doo, Poop Swatches, A Purity Ring?!, A Hog with Pizzazz
Popular Characters: Eric Cartman, Kenny McCormick, Leopold "Butters" Stotch, Kyle Broflovski, Lemmiwinks

WEB CREDITS  PRIVACY POLICY  SHOW DISCLAIMER  COPYRIGHT COMPLIANCE POLICY  TERMS OF USE  TECH SUPPORT  CLOSED CAPTIONING  CONTACT
©2013 SOUTH PARK DIGITAL STUDIOS LLC. ALL RIGHTS RESERVED.
SOUTH PARK ©2013 COMEDY PARTNERS. ALL RIGHTS RESERVED. COMEDY CENTRAL, SOUTH PARK AND ALL RELATED TITLES, LOGOS AND CHARACTERS ARE TRADEMARKS OF COMEDY PARTNERS.
 Viacom Entertainment Group

## VERIFICATION

The undersigned verifies that to the best of his knowledge, information and belief, the allegations set forth in the foregoing complaint are true and correct. This verification is made under penalties provided by 18 Pa.C.S.A. § 4904.

_____
Exavier Wardlaw

Dated: 1/15/2013